PROVOSTY, J. The learned counsel for accused admits that the punishment imposed in this case is not sufficient to bring the case within the jurisdiction of this court, but he contends that the sentence in the other case at this time before the court against the same accused (No. 22,805, 76 South. 702[1]) on a like charge is sufficient for jurisdiction, and that the two cases ought to be taken together. The other case is in no way involved in the present one; hence the sentence in it cannot serve as a basis for jurisdiction in the present one.

Appeal dismissed.

See dissenting opinion of O'NIELL, J., 76 South. 703.

---

(76 South. 703)

No. 22531.

ZAGAME v. CHALMETTE LAUNDRY CO.

(Oct. 29, 1917.)

(Syllabus by the Court.)

COURTS ⊙⇒224(10) — LOUISIANA SUPREME COURT—APPELLATE JURISDICTION—AMOUNT INVOLVED.

The Supreme Court shall have appellate jurisdiction only where the matter in dispute or the fund to be distributed shall exceed $2,000, etc.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Mrs. A. Zagame against the Chalmette Laundry Company. Judgment sustaining exception of prematurity, and plaintiff appeals. Ordered and decreed that case be transferred to Court of Appeal for Parish of Orleans.

[1] Ante, p. 249.

Dart, Kernan & Dart, of New Orleans, for plaintiff. Dinkelspiel, Hart & Davey, of New Orleans, for defendant.

SOMMERVILLE, J. This is a suit sounding in damages by a landlady against her tenant, based on torts said to have been committed by the tenant during the pendency of the lease. She alleges that she rented a certain lot belonging to her in the city of New Orleans to the defendant for a rental of $5 per month, the lease to continue for one year. She also alleges that during the pendency of the lease the defendant destroyed a stable and concrete floor on the lot worth $175, for which she claims damages in the sum of $175. She makes a further claim for $2,500, based on an alleged invasion of the property by the lessee during the pendency of the lease, and for a trespass thereupon, referring to the alleged destruction of the stable and concrete floor referred to above.

Defendant excepted to the petition on the grounds that it disclosed no cause of action, and that the demand was premature.

There was judgment sustaining the exception of prematurity, and plaintiff has appealed.

The claim for $2,500 damages based upon an alleged trespass upon and invasion of the property by the tenant leased by it from the plaintiff is so greatly inflated and unreasonable that the court will take cognizance thereof and transfer this appeal, as the claim must necessarily be for less than $2,000, and this court is without jurisdiction.

The claim for $2,500 appears to be based on the destruction of the stable and concrete floor, which plaintiff alleges cost $175, and for the cost of which she has also made demand in this suit.

It is therefore ordered, adjudged, and decreed that this case be transferred to the Court of Appeal for the parish of Orleans, to be there proceeded with in accordance with law.

O'NIELL, J., concurs in the decree.